UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

– *against* –

SUCRE ALMANZAR-ALBA,

Defendant.

**ORDER**

22-cr-00259 (ER)

RAMOS, D.J.:

On September 23, 2022, Sucre Almanzar-Alba was sentenced to 60 months' imprisonment for distribution and possession with intent to distribute fentanyl.  Doc. 23 at 19:24–20:1.  On December 1, 2023, he moved for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines, which provides for a two-level reduction from the applicable total offense level for defendants with zero criminal history points who meet certain criteria.  Doc. 26.  The Court denied the motion on January 3, 2024.  Doc. 28.  It noted that although Almanzar-Alba was eligible for the zero-point offender recalculation, even with the recalculation, his amended guideline range would have been 87 to 108 months.  *Id.*  Because the 60-month sentence that Almanzar-Alba received was below that guideline range, the Court concluded that Almanzar-Alba was not eligible for a sentence reduction.  *Id.*  It therefore denied his motion.  *Id.*

Before the Court is Almanzar-Alba's second motion for a sentence reduction, which also seeks relief pursuant to Amendment 821's zero-point offender provision.  Doc. 29.  Almanzar-Alba filed the motion on October 2, 2024.  The government opposed the motion on October 31, 2025.  Doc. 31.

The motion is denied.  The Court notes, as an initial matter, that Almanzar-Alba gives no indication that he has exhausted his administrative remedies.  In fact, the

government represents that Almanzar-Alba has "made no administrative request for compassionate release." Doc. 31 at 3. Because administrative exhaustion is a prerequisite to granting compassionate release, his motion must be denied on that basis alone. *See United States v. Diaz*, No. 90-CR-861 (KMW), 2022 WL 17090613, at *3 (S.D.N.Y. Nov. 21, 2022) ("[B]ecause [the defendant] has not shown that he exhausted his administrative remedies, the Court must deny his motion."). Moreover, even if Almanzar-Alba had exhausted his administrative remedies, the Court would deny his motion for the reasons set forth in its previous decision. At bottom, Almanzar-Alba is not eligible for a sentence reduction pursuant to Amendment 821; nothing in the instant motion alters that fact.

Almanzar-Alba's motion for a sentence reduction is therefore DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 29.

It is SO ORDERED.

Dated:    April 13, 2026
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.

2